```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

DAVID RAYMOND RABY, JR.                                PETITIONER

VS.                       CIVIL ACTION NO. 5:05-cv-58(DCB)(AGN)
                              Criminal No. 5:03-cr-5(DCB)(AGN)

UNITED STATES OF AMERICA                               RESPONDENT

### FINAL JUDGMENT DISMISSING § 2255 MOTION

This cause is before the Court on the petitioner David Raymond Raby, Jr.'s motion to vacate, set aside or correct sentence and conviction pursuant to 28 U.S.C. § 2255 **(docket entry 89 in criminal no. 5:03cr5)**. Having carefully considered the motion and response, and being fully advised in the premises, the Court finds as follows:

On August 27, 2003, David Raymond Raby, Jr., pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). He was sentenced on February 10, 2004, to 108 months imprisonment, followed by a 5 year term of supervised release. The Judgment and Commitment Order was entered on February 20, 2004, and Raby did not appeal his conviction and sentence. On April 18, 2005, Raby signed the instant motion to vacate, set aside or correct sentence, and presumably he delivered his motion to prison officials on that date. Under the mailbox rule, Raby's motion is deemed filed on April 20, 2005. <u>Coleman v. Johnson</u>, 184 F.3d 398 (5th Cir. 1999). In any event, his motion cannot be deemed to have been filed before April 18, 2005.

Effective April 24, 1996, section 105 of the Anti-terrorism and Effective Death Penalty Act amended 28 U.S.C. § 2255 to include a one-year period of limitations. The Fifth Circuit has recognized this one year period of limitations in United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998), and held that motions under 28 U.S.C. § 2255 must be filed within one year of the Judgment of Conviction. Since Raby's motion was not filed within one year of his Judgment and Commitment Order, his motion is time barred and must be dismissed. Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the petitioner's motion to vacate, set aside or correct sentence and conviction pursuant to 28 U.S.C. § 2255 **(docket entry 89 in criminal no. 5:03cr5)** is DENIED;

FURTHER ORDERED AND ADJUDGED that civil action no. 5:05-cv-58 is hereby dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 10th day of February, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE